### Louisville & Nashville Railroad Company v. Cecil.

(Decided October 8, 1913).

### Appeal from Marion Circuit Court.

1. Appeal—Former Opinion—Law of the Case.—Where in an action for damage against a carrier for injury to live stock, it was not. made to appear on the former appeal that the stock was unaccompanied by the owner or his agent, the opinion on that appeal is not the law of the case on the second trial, where it is both alleged and proved that the stock was not accompanied by the shipper or someone representing him.

2. Carriers—Livestock—Burden of Proof—Evidence.—Where livestock is unaccompanied by the shipper or anyone representing him, proof of the delivery of the stock in sound condition and of its receipt at its destination in an injured condition is sufficient to make out a prima facie case, and to place on the carrier the burden of showing that the injured condition of the stock was due to some cause for which the carrier was not responsible in law.

3. Carriers—Livestock—Death—Evidence—Peremptory Instruction.— In an action for damages for the death of a mule, which the carrier shows died from pneumonia resulting from a shipping cold, evidence of plaintiff, that the mule died from pneumonia produced by external injuries, examined and held insufficient to take the case to the jury.

W. C. McCHORD, W. W. SPALDING, BENJAMIN D. WARFIELD and C. H. MOORMAN for appellant.

HUGH P. COOPER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on original and cross appeals.

On Friday, January 1, 1909, plaintiff, Charles L. Cecil, delivered to the defendant, Louisville & Nashville Railroad company, 59 mules to be transported to Atlanta, Georgia. When the mules arrived at Atlanta, several of them were injured, and one subsequently died. Plaintiff brought this action to recover damages. The first trial resulted in a verdict and judgment in his favor for $550. From that judgment defendant prosecuted an appeal. This court held the evidence insufficient to take the case to the jury, and that the trial court should have sustained the defendant's motion for a peremptory instruction. L. & N. R. R. Co. v. Cecil, 145 Ky., 271. On its return the case was again tried, and a jury found for plaintiff damages for the injured mules in the sum of $300. The court directed a verdict in favor of the defendant for plaintiff's claim for the mule that died. From the judgment in favor of plaintiff defendant appeals, and from that part of the judgment denying plaintiff damages for the mule that died plaintiff prosecutes a cross appeal.

Except in one or two important respects, the evidence on the second trial is substantially the same as that heard on the first trial, and may be found in our former opinion. For this reason defendant insists that as our former opinion is the law of the case, defendant's motion for a peremptory instruction on the second trial should have been sustained. It appears, however, that on the return of the case plaintiff filed an amended petition alleging in substance that the stock in question were unaccompanied by him or by anyone else representing him. This fact was controverted of record. On the trial plaintiff testified as alleged in the amended petition, and there is no evidence to the contrary. On the former trial it was not made to appear that neither the plaintiff nor anyone representing him accompanied the stock while in transit. On the contrary, the case was considered entirely from the standpoint of his having a representative along with the stock, and the principles of law announced were applicable alone to that state of case. This is apparent from an examination of the case of I. C. R. R. Co. v. Word, 149 Ky., 229, where the court considered the various cases on the subject and announced the following principles of law:

"1. Where the live stock is accompanied by the owner or his agent or representative, and injury results while in transit, the burden is upon the owner to show

how the injury occurred, that is to say, that it was due to some negligence of the carrier. L. & N. R. R. Co. v. Hawley, 10 Rep., 117; C., N. O. & T. P. Ry. Co. v. Grover, 11 Rep., 236; L. & N. R. R. Co. v. Wathen, 22 Rep., 85.

"2. Where the live stock is not accompanied by the owner or his agents or representative, and injury results in transit, it is incumbent upon the owner to show that the stock, when delivered to the carrier, was in good condition, and when received from the carrier at its destination, was in a damaged or injured condition, thereupon the burden shifts and it devolves upon the company to show that the cars, in which the stock was shipped, were in good condition and suitable for that purpose, were handled with reasonable dispatch and were not subjected to any rough or improper treatment during the journey, and the company, in addition, must satisfactorily account for the injured condition of the stock; and, unless the carrier can show that such injury is due to some inherent vice of the animal, the fact that it is injured will be accepted as prima facie evidence of negligence on the part of the carrier. Southern Express Co. v. Fox, 131 Ky., 257; Kelly v. Adams Express Co., 134 Ky., 208.

"These rules of practice apply to all cases where death or injury, for which a recovery is sought, results from some external agency; but, where a recovery is sought for sickness of live stock in transit, or for death resulting from sickness, the burden does not shift, but remains all the while upon the plaintiff, for the sickness or death from sickness of the animal may be due to a diseased condition existing at the time of or prior to its shipment, though undiscovered by its own or the carrier, or may be due from atmospheric, climatic or other conditions, over which the carrier has no control, and for which it would, in no event, be responsible. As said in McDowell v. L. & N. R. R. Co., 113 S. W., 519, the jury should not be left to speculate as to the cause of the injury. L. & N. R. Co. v. Warfield, 30 Rep., 352; McDowell v. L. & N. R. Co., 113 S. W., 519; L. & N. R. Co. v. Cecil, 145 Ky., 271. In this latter case a recovery was sought for the death of one of the animals, due to pneumonia, and for injuries to some of the others. Thus, as to one branch, the burden was upon the plaintiff; and, as to the other, upon the defendant. No question was made in the preparation of the case as to who had the.

burden, and as the company showed that the shipment was handled with due care, and offered evidence to the effect that the injury to certain animals was due to their own inherent vice rather than to any negligence on the part of the company, it was held that the plaintiff was not entitled to recover. The rule of practice announced in this case is in harmony with the case of L. & N. R. Co. v. Warfield, L. & N. R. Co. v. Wathen and McDowell v. L. & N. R. Co., supra.''

The fact that the stock was unaccompanied by plaintiff or his agent was made to appear on the second trial, and as the principles of law applicable to such case differ materially from those applicable to a case where the stock is accompanied by the shipper or his agent, it follows that our former opinion is not the law of the case.

On the last trial plaintiff proved that the stock in question was delivered to the defendant in sound condition. When received at Atlanta several of the mules were in a badly injured condition. It was also shown that one of the slats in the car where the mules were injured was missing, and another was broken. Defendant introduced evidence of the several conductors in charge of the train in question to the effect that there was no rough handling of the stock while in transit. There was also proof to the effect that stock crowded into a freight car would frequently bite and kick each other. There is no direct evidence, however, that this happened on the trip in question. As the live stock was being transported under defendant's exclusive control, and as plaintiff showed that the stock was delivered to defendant in good condition and was received by him at its destination in an injured condition, this evidence made out a *prima facie* case, and was sufficient to show that the injury arose from some cause for which the defendant was responsible. To escape liability it was then necessary for defendant to show that the injury resulted from some cause for which it was not responsible in law. We cannot say as a matter of law that defendant succeeded in doing this. Its evidence merely tended to show that the injuries were not due to rough handling, but might have been caused by the inherent vice of the animals. The trial court, therefore, did not err in submitting the question to the jury.

As to plaintiff's cross appeal, based on his claim for damages for the mule that died, it is sufficient to say that defendant proved that this mule died from a dis-

ease, to-wit: pneumonia, which resulted from a shipping cold. The evidence that the mule died from external injuries, or that the pneumonia resulted from any such injuries was insufficient to take the case to the jury.

Judgment affirmed on original and cross appeals.